1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
DAVID G.,

Plaintiff,
9

10
v.

COMMISSIONER OF SOCIAL SECURITY,
11

Defendant.
12

CASE NO. C22-5889-BAT

**ORDER REVERSING AND
REMANDING**

13    Plaintiff appeals ALJ David Johnson's 2021 decision finding him not disabled. He

14 contends ALJ Johnson erroneously excluded evidence from a 2018 final agency decision,

15 misapplied the doctrine of *res judicata* and the *Chavez* presumption of nondisability*, and

16 misevaluated the medical evidence, the lay testimony and Plaintiff's testimony. As relief,

17 Plaintiff argues the Court should order a new hearing before a different ALJ, because ALJ

18 Johnson 's residual functional capacity (RFC) determination fails to account for his limitations

19 and improperly adopted the findings and conclusions set forth in ALJ Paul Gaughen's 2018

20 decision finding Plaintiff not disabled.

21    The Commissioner contends the Court should remand the case to address (1) the

22 application of Acquiescence Rule 97-4(9) in light of the 2017 revised regulations regarding

23 evaluation of medical evidence, and (2) permit Plaintiff to "take further action to complete the

1    administrative record resolving the above issue and issue a new decision." Dkt. 21. The

2    Commissioner indicates Plaintiff does not oppose remanding the case but disagrees as to the

3    scope of remand and also contends ALJ Johnson should not rehear the case.

4        The Commissioner's request for remand is narrow. The Commissioner asks the Court to

5    remand with direction the ALJ apply the 2017 regulations in evaluating the medical evidence

6    presented since ALJ Gaughen's 2018 decision. In contrast, Plaintiff requests his case be

7    remanded to redetermine ALJ Gaughen's 2018 decision and that decision's findings regarding

8    the opinions of Dr. Powell, Dr. Coleman, Ms. Kelams-Keith and Ms. Wagner; the Court find

9    ALJ Gaughen's 2018 decision violates the Appointments Clause, which would render ALJ

10   Gaughen's final decision null and void; and the Court further find ALJ Johnson's findings are

11   erroneous. The parties' disagreement over the scope of remand requires the Court to address all

12   of Plaintiff's claimed errors to determine the scope of remand.

13                                    **BACKGROUND**

14       In 2016, Plaintiff applied for Title II benefits. ALJ Gaughen conducted a hearing and on

15   May 30, 2018, issued a decision finding Plaintiff not disabled. Tr. 17. Plaintiff sought review of

16   ALJ Gaughen's decision and this Court and the Court of Appeals affirmed ALJ Gaughen's

17   decision. In January 2020, Plaintiff protectively filed a Title II application alleging disability

18   beginning on July 13, 2018. *Id.* After the 2020 application was denied initially and upon

19   reconsideration, ALJ Johnson held a hearing on August 25, 2021, at which Plaintiff moved, and

20   the ALJ granted, a request to amend the disability onset date to July 18, 2018. *Id.* At the 2021

21   hearing, Plaintiff also requested ALJ Johnson admit the testimony he gave at the hearing before

22   ALJ Gaughen in 2018. ALJ Johnson denied the request on the grounds this evidence was

23

1   presented in an untimely manner and because Plaintiff's 2018 testimony was fully and finally

2   adjudicated and concerned a time period "not at issue in the current application." *Id.* at 17-18.

3       On September 24, 2021, ALJ Johnson issued a decision finding:

4       (1)   Plaintiff's prior unfavorable decision arose under the title of the Act that was

5   applicable to the unadjudicated period. Tr. 20.

6       (2)   Plaintiff has failed to meet his burden of rebutting ALJ Gaughen's 2018

7   determination that Plaintiff is not disabled because Plaintiff has not shown a change in

8   circumstance to establish an increase in the severity of impairment. Tr. 20-21.

9       (3)   ALJ Gaughen's 2018 decision determined Plaintiff's severe impairments are

10  affective disorder, generalize anxiety disorder and history of substance-addiction disorder; the

11  prior decision also considered other non-severe impairments including bowel defects, facet

12  hypertrophy, foot pain, bronchitis, obesity and PTSD. Tr. 21.

13      (4)   The 2018 decision determined Plaintiff's impairments did not meet the

14  requirements of a listing or combination of a listing. Tr. 21.

15      (5)   The 2018 decision determined Plaintiff has the residual functional capacity (RFC)

16  to perform a full range of work; understand, remember and apply detailed or complex

17  information and instructions; engage in routine and perfunctory social interaction but with limits

18  on interacting with the public; work best alone, with minimal collaboration with other workers

19  but can accept direction from supervisors. Tr. 21-22.

20      (6)   No new findings are made because Plaintiff failed to overcome the presumption

21  of nondisability. ALJ Johnson found Plaintiff experienced no changed circumstances and the

22  record contains minimal evidence during the relevant period. In support, ALJ Johnson noted the

23  record shows Plaintiff had only one treatment visit during the relevant period when he was seen

1   in November 2018 for mental-health treatment. The ALJ found the observations and mental

2   status notes from the November 2018 visit do not show changes from the records before the

3   insured period. Plaintiff's November 2018 treatment record indicates he is on time, responds

4   politely, demonstrates good interpersonal skills, is neatly dressed and walked to the appointment

5   without difficulty, is alert and oriented, has good judgment and insight and exhibited no thought

6   disorder although his affect was tense. ALJ Johnson concluded Plaintiff's November 2018

7   treatment notes do not establish an increase in the severity of the Plaintiff's impairments or the

8   existence of an impairment not previously considered. Tr. 22.

9         (7)    ALJ Johnson also considered the testimony Plaintiff offered regarding stress

10   related to his marriage and his "anxious ruminations" for which he was prescribed anti-psychotic

11   medications. ALJ Johnson noted after the November 2018 treatment visit, Plaintiff's next

12   treatment note is dated February 2019, which is after the relevant period. The ALJ noted the

13   treatment notes from the February 2019 visit do not mention "anxious ruminations" or triggers

14   related to difficulty interacting with others. ALJ Johnson concluded the medications prescribed

15   were helpful or Plaintiff's symptoms were transitory, and the record did not establish a change in

16   circumstance or increase in the severity of impairment. Tr. 22.

17         (8)    ALJ Johnson further noted the state-agency psychologists, Vincent Gollogly,

18   Ph.D. and Eugene Kester, M.D., opined Plaintiff has the capacity to perform work. The ALJ

19   gave substantial weight to these opinions on the grounds they are consistent with the medical

20   evidence, effects of medications, Plaintiff's demonstrated functioning and the "continually

21   steady observations of Dr. Powell during the relevant insured period," and lack of mental health

22   treatment. Tr. 22.

23

(9)      ALJ Johnson also considered and rejected the August 2021 opinion of John Powell, Ph.D. who opined Plaintiff has poor ability to work with, or in close proximity to, others and poor ability to get along with co-workers or peers. The ALJ found this opinion inconsistent with the record noting Dr. Powell treated Plaintiff throughout the relevant period and found Plaintiff polite, had good interpersonal skills, good judgment and did not display thought disorder. ALJ Johnson also found Dr. Powell's opinion pertained to Plaintiff's functioning nearly three years after the end of the relevant period. Tr. 23.

Based on the foregoing, ALJ Johnson found Plaintiff failed to overcome the *Chavez* presumption of continued nondisability, has the capacity to perform past relevant work as an environmental technician, as determined in the 2018 decision, and is therefore not disabled at any time from the amended July 18, 2018, onset date through December 31, 2018, the last date insured. Tr. 23.

## DISCUSSION

### A.      Testimony Plaintiff Gave in 2018

Plaintiff contends ALJ Johnson erroneously failed to admit the testimony he gave at the 2018 hearing conducted by ALJ Gaughen. ALJ Johnson excluded the testimony on the grounds it was not timely presented and because ALJ Gaughen's consideration of Plaintiff's 2018 testimony is a final determination. Plaintiff provides nothing showing his past 2018 testimony establishes changed circumstances that overcomes the *Chavez* presumption of nondisability. The Court accordingly declines to adopt Plaintiff's position that the Commissioner should be ordered to admit his prior testimony, and that the testimony be deemed relevant. However, as the Commissioner agrees the case should remanded, Plaintiff may make a timely request that the ALJ on remand admit his past testimony.

ORDER REVERSING AND REMANDING - 5

### B.    2017 Changes in Evaluation of Medical Evidence

Plaintiff contends ALJ Gaughen's 2018 decision applied regulations applicable to a disability application filed in 2016. ALJ Johnson's 2021 decision involved an application filed in 2020, and ALJ Johnson did not address the change in regulations governing the evaluation of medical evidence for applications filed after March 27, 2017. While Plaintiff presents nothing showing this change results in harmful error, the Commissioner nonetheless concedes the case should be remanded to address the impact of the 2017 regulatory change on the evaluation of the medical evidence during the relevant period, July 13, 2018, to December 31, 2018. On remand, the ALJ shall thus evaluate the medical evidence presented after ALJ Gaughen's decision and apply the 2017 regulations in assessing this new evidence.

### B.    Res Judicata and *Chavez v. Bowen*

Plaintiff contends ALJ Johnson misapplied *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) and the doctrine of res judicata. The Court in *Chavez* held a presumption of continuing nondisability arises from the first ALJ's findings of nondisability. *Id.* at 693. "[T]o overcome the presumption . . . a plaintiff "must prove 'changed circumstances' indicating a greater disability." *Id*. These circumstances may include "[a]n increase in the severity of the claimant's impairment" or "the existence of an impairment not considered in the previous application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). However, even if a claimant rebuts the presumption, the previous ALJ's findings regarding a claimant's RFC, education, and work experience should not be disturbed unless the claimant rebuts the presumption with evidence of changed circumstance or new and material evidence. *Chavez*, 844 F.2d at 694.

ALJ Johnson specifically noted under *Chavez* there is a rebuttable presumption of nondisability absent changed circumstances. Plaintiff argues that while ALJ Gaughen's 2018

ORDER REVERSING AND REMANDING - 6

1    findings are entitled to "preclusive effect," ALJ Johnson misapprehended the term "changed

2    circumstances."

3          Plaintiff first contends that in 2018, ALJ Gaughen did not find PTSD is a severe

4    impairment and did not fully evaluate the impact of this impairment on Plaintiff's RFC. This

5    contention stands apart from Plaintiff's claim ALJ Johnson failed to account for the 2017

6    regulatory changes to the assessment of medical opinions submitted after ALJ Gaughen's

7    decision. The contention also suggests that neither the doctrine of res judicata nor the *Chavez*

8    presumption are applicable. Dkt. 14 at 5. Plaintiff further suggests ALJ Johnson failed to

9    consider PTSD in the 2021 decision, a suggestion that also does not depend upon the 2017

10   regulatory changes.

11         Under *Chavez*, a claimant does not overcome the presumption of nondisability by

12   challenging the Commissioner's first final decision finding the claimant not disabled. That is the

13   *Chavez* presumption is not overcome by claiming the first decision is erroneous. Here, Plaintiff

14   sought judicial review of the ALJ Gaughen's 2018 decision in this Court in *David G. v.*

15   *Commissioner of Social Security*, 3:19-cv-05811-BAT; *see also* Tr. 129. In that case Plaintiff

16   contended ALJ Gaughen's 2018 decision misevaluated the medical evidence, the lay testimony

17   and Plaintiff's testimony. Plaintiff specifically argued the ALJ erred in discounting medical

18   opinions that included diagnoses of PTSD, and the impact of PTSD on his ability to perform

19   work. *See* Dkt 11 (opening brief in 2019 case).

20         ALJ Gaughen's 2018 decision indicated Dr. Powell and Dr. Coleman both noted PTSD

21   as "the claimant reported he had a long history of anxiety and depression throughout a childhood

22   complicated by childhood traumatic experiences." *See* Dkt. 8, 3:19-cv-05811-BAT (ALJ

23   Gaughen's 2018 decision at Tr. 21).  ALJ Gaughen indicated "[a]s a basis for his opinion, Dr.

Powell stated that the claimant with hypervigilant and paranoid due to PTSD." *Id.* at 26.  ALJ

Gaughen thus considered PTSD in rejecting Dr. Powell's opinion.

The Court of Appeals for the Ninth Circuit affirmed this Court's decision finding ALJ

Gaughen did not err in denying Plaintiff's disability application and held substantial evidence

supports ALJ Gaughen's decision to discount the opinions of Dr. Powell (which included PTSD

diagnoses) and Dr. Coleman; the ALJ properly discounted Plaintiff's testimony and the

testimony of lay witnesses; and the ALJ did not err in determining RFC. *See* Dkt. 23 (2019 case).

Hence, Plaintiff's claim ALJ Gaughen 2018 assessment of the impact of PTSD was erroneous,

incomplete, or that the ALJ overlooked the condition is belied by the record and does not

overcome the *Chavez* presumption of nondisability.

Additionally, because Dr. Powell diagnosed PTSD and the Court of Appeals affirmed

ALJ Gaughen's 2018 determination to discount Dr. Powell's opinions which were based in part

upon PTSD, there is no basis to conclude PTSD is a new condition that arose only after ALJ

Gaughen's 2018 decision, or an overlooked condition that overcomes the *Chavez* presumption of

nondisability.

Plaintiff also contends ALJ Johnson's 2021 decision failed to consider PTSD. This

contention suggests ALJ Johnson failed to determine whether there was a change in Plaintiff's

PTSD symptoms since ALJ Gaughen's 2018 decision. This claim also does not depend upon the

application of the 2017 regulations. The record shows ALJ Johnson discussed Dr. Powell's

November 2018 source statement, which is the only medical record generated between July 18,

2018, and December 31, 2018—the relevant time period. Dr. Powell's November 2018 source

statement contains diagnoses of generalized anxiety disorder, major depressive disorder and

**posttraumatic stress disorder**. Dr. Powell's source statement does not indicate PTSD is a new

condition, or that the condition had become more severe. Rather, the ALJ found Dr. Powell's November 2018 observations and mental status notes indicated no changed circumstances from Plaintiff's earlier records. Dr. Powell reported in November 2018 Plaintiff was on time, responded politely, demonstrated good interpersonal skills, was neatly dressed and walked to the appointment without difficulty, was alert and oriented, had good judgment and insight and exhibited no thought disorder although his affect was tense. Dr. Powell further indicated Plaintiff stated things were going well with his wife, he went to three social events with her and had a good time, that Plaintiff said he faced stress over a van he bought from his mother and her requests he pay her for the purchase, and that the stress caused him to have angry outbursts. Dr. Powell also noted Plaintiff's relationship with his father was developing and they have had really good conversations.

The ALJ thus concluded Dr. Powell's 2018 medical statement does not establish an increase in the severity of the claimant's impairments or the existence of an impairment not previously considered. Tr. 22.  Because the ALJ Johnson considered and discussed Dr. Powell's November 2018 statement, the Court declines to adopt Plaintiff's argument that ALJ Johnson failed to consider PTSD during the relevant period, and thus failed to determine whether there were changes in the condition since ALJ Gaughen's 2018 decision. The Court makes this finding because the 2017 regulation changes do not address whether ALJ Johnson completely failed to address PTSD as Plaintiff claims. Rather, the record shows ALJ Johnson did consider PTSD as noted above, and the Court thus rejects Plaintiff's argument to the contrary.

In addition to arguing ALJ Johnson omitted consideration of PTSD, the Court notes Plaintiff contends ALJ Johnson erroneously found no "changed circumstances" by simply adopting ALJ Gaughen's findings and without finding the new evidence, by a preponderance,

1   showed a change of circumstance. Under *Chavez*, ALJ Johnson was required to accept ALJ

2   Gaughen's 2018 findings, and thus ALJ Johnson correctly accepted the 2018 findings. ALJ

3   Johnson's acceptance of ALJ Gaughen's findings thus are in accord with *Chavez* and is not

4   affected by the 2017 regulatory changes.

5          However, as to Plaintiff's argument ALJ Johnson erroneously found no change of

6   circumstance, the parties' agreement the case must be remanded with direction the ALJ apply the

7   2017 regulations will necessarily require the ALJ to apply those regulations to the new medical

8   evidence regarding the relevant period which was generated following ALJ Gaughen's 2018

9   decision. Thus, the ALJ on remand must apply the 2017 regulations to the sole medical report

10  from the relevant period, the November 2018 treatment report, to determine whether Plaintiff has

11  shown changed circumstances that overcome the *Chavez* presumption.  ALJ Johnson also

12  considered medical records generated after the relevant time period and these records should also

13  be assessed using the 2017 regulations.

14         The Court accordingly concludes ALJ Johnson did not violate the doctrine of *res judicata*

15  or the requirements of *Chavez*. The ALJ properly recognized that under *Chavez*, Plaintiff has the

16  burden to prove changed circumstances. Under *Chavez* ALJ Johnson was required to accept ALJ

17  Gaughen's earlier 2018 findings and did so. Additionally, the record shows ALJ Gaughen and

18  ALJ Johnson both considered the medical record which contained diagnoses of PTSD. There is

19  thus no basis to conclude the *Chavez* presumption of nondisability is inapplicable because PTSD

20  is a new condition that arose after the first ALJ's decision or a condition that was overlooked by

21  either ALJ. The Court makes these findings because they stand apart from ALJ Johnson's failure

22  to apply the 2017 regulation changes in assessing the new medical evidence presented after ALJ

23  Gaughen's decision.

1    As noted above ALJ Johnson considered the new evidence that was not before ALJ

2  Gaughen without acknowledging the 2017 regulatory changes. As such on remand the ALJ must

3  assess the medical evidence presented after ALJ Gaughen's decision, applying the 2017

4  regulations to determine whether Plaintiff has shown changed circumstances that overcome the

5  *Chavez* presumption of nondisability.

6    **C.    Appointments Clause**

7    Plaintiff also contends ALJ Gaughen was not properly appointed when he issued the

8  2018 decision, and the 2018 decision is therefore invalid. The Court addresses this argument

9  because it is completely independent from ALJ Johnson's failure to acknowledge the 2017

10  regulation changes. The argument suggests the *Chavez v. Bowen* presumption is inapplicable

11  because there can be no presumption of nondisability when the presumption is based upon an

12  invalid decision. In support, Plaintiff cites *Lucia v. SEC*, 138 S.Ct. 2044 (2018) and *Cody v.*

13  *Kijakazi,* 48 F.4d 956, 962-63 (9th Cir. 2022). The *Lucia* decision was issued on June 21, 2018.

14  Plaintiff first sought judicial review of ALJ Gaughen's 2018 decision on August 30, 2019, but

15  did not raise a *Lucia* appointments clause argument in this Court or in the Court of Appeals for

16  the Ninth Circuit. *See David G. v. Commissioner of Social Security* 3:19-cv-05811-BAT, and

17  845 Fed.Appx 583 (9the Cir. 2021).

18    The Court finds this failure constitutes a waiver of the argument ALJ Gaughen was not

19  properly appointed, and his 2018 decision is null and void for all purposes and concludes

20  Plaintiff cannot now reraise it in this case, or somehow use it to revive the finding decision

21  denying his earlier disability application. In *Carr v. Saul*, 141 S.Ct. 1352 (2021), the Supreme

22  Court held claimants may obtain judicial review of an appointments clause challenge even if they

23  failed to raise the challenge at the agency level, i.e., before the ALJ or Appeals Council. The

*Carr* decision focuses solely on a failure to raise the appointments clause challenge at the agency level and does not address or does not hold that claimants who fail to raise an appointments clause challenge in federal court when they could have, can later reraise the challenge in a subsequent challenge in federal court.

Importantly, the *Carr* decision did not alter the Court's earlier statement in *Lucia* that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief," and "*Lucia* is entitled to relief because he pressed his appointments clause claim at the agency level, in the Court of Appeals and in the Supreme Court." *Lucia*, 138 S.Ct. at 2055. In contrast to *Carr* and *Lucia,* although Plaintiff sought federal judicial review in this very Court and the Court of Appeals, Plaintiff never asserted ALJ Gaughen's 2018 decision was invalid based upon an appointments clause claim. Consequently, ALJ Gaughen's 2018 decision finding Plaintiff not disabled, and the decisions of this Court and the Court of Appeals still stand and cannot be deemed invalid based upon the Appointments Clause claim.

The *Cody* decision is also not grounds for relief because in that case, the Court of Appeals addressed the narrow question of whether an ALJ appointed in violation of the Appointments Clause can continue to make final decisions in the case after being ratified by a constitutionally authorized official. The *Cody* Court held under *Lucia*, the claimant was entitled to a different ALJ, but did not address whether the Appointments Clause claim was subject to waiver. The *Cody* decision did not address waiver because *Cody* raised the constitutional defect on the grounds the ALJ who decided his case was precluded from hearing his case under *Lucia.* Thus, as in *Lucia¸* the claimant in *Cody* pressed the Appointment Clause claim in federal court as soon as he could.

ORDER REVERSING AND REMANDING - 12

In short, Plaintiff litigated in this Court and the Court of Appeals the validity of ALJ Gaughen's 2018 decision and never raised an Appointments Clause challenge. The Court of Appeals affirmed ALJ Gaughen's determination that Plaintiff is not disabled. If the Court accepted Plaintiff's argument that ALJ Gaughen's 2018 decision is invalid because he was not properly appointed, then the decisions of this Court and the Court of Appeals affirming ALJ Gaughen's 2018 decision would also have to be vacated. The Court declines to do so and concludes Plaintiff waived the Appointments Clause challenge and cannot reraise it now in this case, or on remand.

### D.    Evaluation of Medical Evidence Presented to ALJ Gaughen

Plaintiff contends ALJ Johnson misevaluated the prior medical record that was before ALJ Gaughen arguing ALJ Johnson did not include all relevant medical evidence from Plaintiff's 2016 disability application for the period between 2015 and 2017. The Court addresses this argument because it raises a question that is independent of ALJ Johnson's failure to apply the 2017 regulations to the new medical evidence, presented after ALJ Gaughen's decision.

Plaintiff argues ALJ Johnson's evaluation of the medical record that was before ALJ Gaughen is erroneous. Plaintiff contends Dr. Powell indicated in various records and source statement created between 2016 through April 2018, and that were before ALJ Gaughen that Plaintiff had marked and moderate limitations in his ability to perform work. Plaintiff argues ALJ Johnson erred by failing to include in the RFC determination "all of the functional limitations described by Dr. Powell." Dkt. 12 at 11. The argument suggests ALJ Johnson erred by failing to reevaluate ALJ Gaughen's findings, i.e., overturn ALJ Gaughen's findings. However, Plaintiff already challenged ALJ Gaughen's 2018 determination to discount Dr.

Powell's opinions and the Court of Appeals for the Ninth Circuit rejected that challenge and affirmed ALJ Gaughen's 2018 decision. ALJ Johnson was required to accept ALJ's Gaughen's findings, and thus did not err in accepting ALJ Gaughen's determination to discount Dr. Powell's opinions. The 2017 regulation changes provide no support to Plaintiff's argument to revisit ALJ Gaughen's earlier final decision, and thus the Court finds no basis for the ALJ on remand to deviate or disregard from ALJ Gaughen's 2018 findings regarding the medical evidence.

Plaintiff similarly argues ALJ Johnson should have found the opinions of Dr. Coleman and ARNP Kellems-Keith that ALJ Gaughen had assessed are also grounds for relief. The Court rejects the argument for the same reason it rejected Plaintiff's argument about Dr. Powell.

Plaintiff finally argues ALJ Johnson failed to evaluate the records of Laura Wagner, ARNP which were generated between May 2019 and March 2020. Tr. 407-26. These records were generated after the relevant time period which ended in December 2018. Because these records should have been reviewed under the standards set forth by the 2017 regulations, the ALJ on remand should reassess Ms. Wagner's records.

### E.  Plaintiff's Testimony

As noted above, Plaintiff argues ALJ Johnson erred by declining to admit the testimony he gave when he appeared before ALJ Gaughen: Plaintiff last worked in 2014 when he difficulties with his boss, would scream and yell, was overwhelmed by work, and had a major breakdown; was expelled from a graduate program; needed help with childcare; had a hard time interacting with people at a friend's wedding; took medication for his issues; and is angry and lashes out due to PTSD.

The Court rejects Plaintiff's claim ALJ Johnson harmfully erred in declining to admit the testimony Plaintiff gave before ALJ Gaughen. ALJ Gaughen considered and discounted

ORDER REVERSING AND REMANDING - 14

Plaintiff's testimony. ALJ's Gaughen's treatment of Plaintiff's testimony was affirmed, and thus the Court does not revisit it. Additionally, Plaintiff presents nothing that shows his prior testimony shows changed circumstances since ALJ Gaughen issued his final decision. The Court makes this finding because ALJ Johnson's determination not to admit Plaintiff's prior testimony is not affected by the 2017 regulations.

Plaintiff also argues ALJ Johnson erred in discounting the testimony Plaintiff gave at the hearing before ALJ Johnson. Plaintiff submits he testified that when he last worked, he had some struggles in completely tasks; he was combative when supervisors reprimanded him; he got progressively worse and worse and would lash out at people; he was argumentative with coworkers; coworkers were fearful of Plaintiff.  Plaintiff stated to ALJ Johnson that between July and December 2018, he took his kids to school but that was about the only time he would leave his house; he ran errands at times when he thought there would be the fewest number of people about; twice a month he would not take his kids to school due to high anxiety; his anxiety "used to happen when he was working" to the point he would shut down; he has PTSD that makes him anxious, and unfocused; and that he watches TV but loses focus.

Plaintiff argues the ALJ failed to give clear and convincing reasons to discount his testimony. The Court rejects this argument. The argument is made in a conclusory fashion. Plaintiff argues ALJ Johnson erred but provides no explanation that fleshes out the reasons why. The argument specifically fails to set forth any reason to conclude Plaintiff's most recent testimony shows changed circumstances to overcome the *Chavez* presumption of nondisability. Rather, Plaintiff's most recent testimony reveals his symptoms have not worsened since the time ALJ Gaughen issued the final decision.  The Court accordingly declines to adopt Plaintiff's

1   claim that ALJ Johnson misevaluated Plaintiff's testimony.  The reaches this decision because

2   Plaintiff's claimed error is not based upon or reliant on the 2017 regulations.

3   **F.     Lay Testimony**

4          Plaintiff contends ALJ Gaughen received testimony from Plaintiff's wife and Plaintiff's

5   former supervisor. In the 2018 decision, ALJ Gaughen considered and discounted this lay

6   evidence. Plaintiff contends "the ALJ fails to evaluate lay evidence" and if the ALJ had fully

7   credited this evidence a different disability determination could have been reached.  This Court

8   and the Court of Appeals has already affirmed ALJ Gaughen's 2018 decision and the Court

9   therefore declines to revisit the ALJ's determination to discount the lay testimony, as suggested

10  by Plaintiff or to find ALJ Johnson erred by not overturning ALJ Gaughen's determinations.

11         Plaintiff's wife also submitted a third-party function report which is dated April 20, 2020,

12  for ALJ Johnson's consideration. Tr. 297. ALJ Johnson failed to mention this report but even

13  assuming the ALJ erred, the error is harmless. The 2020 function report is far past the relevant

14  time period and thus not a basis to show changed circumstances during the relevant period

15  ending in December 2018. Further, the 2020 function report mirrors the testimony Plaintiff's

16  wife gave earlier when ALJ Gaughen issued the first decision. The 2020 report thus fails to

17  establish changed circumstances. The Court makes this finding because Plaintiff's argument the

18  ALJ erred in assessing the lay evidence is not reliant upon the 2017 regulation changes.

19  **G.     New ALJ on Remand**

20         The Court rejects Plaintiff's request that the Court order a different ALJ rehear this case

21  on remand. ALJs "are presumed to be unbiased." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

22  Cir. 2001). Plaintiff has failed to rebut this presumption by a showing of conflict of interest or

23  some other specific reason for disqualification. *Id*. at 857-58. While the Commissioner concedes

ORDER REVERSING AND REMANDING - 16

1    ALJ Johnson did not account for the impact of the 2017 revised regulations on the evaluation of

2    medical evidence, this error does not evidence disqualifying conduct and there is no basis to

3    assume ALJ Johnson will be unwilling to apply the 2017 regulations on remand. Nothing in this

4    order precludes the Appeals Council from remanding to a different ALJ, if it so chooses.

5                                            **CONCLUSION**

6              Plaintiff argues ALJ Johnson harmfully erred in numerous ways and that ALJ Gaughen's

7    final 2018 decision finding Plaintiff not disabled is void because it was issued in violation of the

8    Appointments Clause. The parties agree the case should be remanded because ALJ Johnson did

9    not acknowledge or clearly apply the 2017 regulations in assessing the new medical evidence he

10   received but disagree on other aspects of the scope of remand.

11             Because Plaintiff has raised many arguments that stand apart from application of the

12   2017 regulations to the new medical evidence generated after ALJ Gaughen's decision, the Court

13   for the sake of clarity makes the following findings that will govern the scope of remand:

14             1.       The Court declines to order the Commissioner to assign a new ALJ on remand.

15             2.       The Court finds Plaintiff waived the Appointments Clause argument. ALJ

16   Gaughen's final 2018 decision was affirmed by this Court and the Court of Appeals. The ALJ on

17   remand must thus abide by the *Chavez* presumption of nondisability and accept ALJ Gaughen's

18   2018 findings. Plaintiff may not reraise the Appointments Clause argument on remand.

19             3.       The Court rejects Plaintiff's argument ALJ Johnson erred by failing to credit the

20   opinions that Dr. Powell, Dr. Coleman, Ms. Kellams-Keith and Ms. Wagner to ALJ Gaughen,

21   and which were considered by ALJ Gaughen. There is no basis to conclude ALJ Johnson or the

22   ALJ on remand may reevaluate and reject ALJ Gaughen's 2018 determinations as to opinions

23   that these individuals provided when the 2018 decision was issued.

ORDER REVERSING AND REMANDING - 17

4.      On remand, the ALJ must apply the 2017 regulations to the medical and other source evidence that has been presented after ALJ Gaughen's decision.

5.      The Court affirms ALJ Johnson's determination to discount the testimony Plaintiff gave at the hearing ALJ Johnson conducted. This determination does not rely upon the 2017 regulations. ALJ Johnson's determination therefore need not be reassessed on remand.

6.      The Court rejects Plaintiff's argument ALJ Gaughen erred in assessing the lay testimony of Plaintiff's wife and former boss. ALJ Gaughen's 2018 decision has been affirmed and is final. There is no basis to revisit ALJ Gaughen's decision and findings regarding the lay testimony he considered here, or on remand.

7.      The Court finds ALJ Johnson's failure to address a statement Plaintiff's wife submitted in April 2020 constitutes harmless error. The statement falls far outside the relevant time period and does not set forth facts establishing changed circumstances. The 2017 regulations are inapplicable to this issue.

8.      Plaintiff may seek to admit the transcript of the testimony he gave at the hearing before ALJ Gaughen and present reasons for its admission.

As set forth above, the Commissioner's final decision is accordingly **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405 (g).

DATED this 31st day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 18